**RAJ V. ABHYANKER**, California SBN 233,284
raj@legalforcelaw.com

**LEGALFORCE RAPC WORLDWIDE**
1580 W. El Camino Real, Suite 10
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Plaintiffs,
LegalForce RAPC Worldwide, P.C.,
LegalForce Inc., and Raj V. Abhyanker

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

UNLIMITED JURISDICTION

| | |
|---|---|
| 1. LEGALFORCE RAPC WORLDWIDE, P.C.;<br>2. LEGALFORCE INC.; and<br>3. RAJ V. ABHYANKER,<br><br>Plaintiffs,<br><br>v.<br><br>1. ALIN CHEIE; AND<br>2. SHARP FILINGS, INC.,<br><br>Defendants;<br><br>AND DOES 1-50. | Case No. 5:18-cv-127<br><br>**COMPLAINT FOR:**<br><br>1. FEDERAL UNFAIR COMPETITION;<br>2. CALIFORNIA UNFAIR COMPETITION; AND<br>3. CALIFORNIA FALSE AND MISLEADING ADVERTISING.<br><br>**Unlimited Civil Jurisdiction**<br><br>**JURY TRIAL DEMANDED** |

1.   Plaintiffs LegalForce RAPC Worldwide, P.C., LegalForce, Inc., and Raj V. Abhyanker (jointly, "LegalForce" or "Plaintiffs") submit the following complaint (the "Complaint") against corporation Sharp Filings, Inc. and covert owner and alter ego Alin Cheie ("Cheie", doing business as Alin Cheie Alter-Ego Entities abbreviated as "ACAEE").  ACAEE include a number of websites operated by Cheie including at least TrademarkPlus.com, SharpFilings.com,        SpeedyTrademark.com,        TrademarkAtLaw.com, LeadingEdgeFilings.com, and TrademarkCrew.com.

2.  Furthermore, upon reason and belief, Cheie has created a vast number of "shell" companies all serving as his *alter-ego* to hide from competitors, regulators, and angry customers.    Specifically, Sharp Filings, Inc. (active, **Exhibit T**) and its predecessors including at least Trademark Plus, Inc. (dissolved, **Exhibit U**), Leading Edge Filings, Inc. (involuntarily dissolved, **Exhibit V**), Premier Legal Filings, Inc. (inactive, **Exhibit T**), and Bluestone Filings, Inc. (inactive, **Exhibit T**) are which all corporations at one point offering U.S. trademark filing services traceable to Cheie, despite any public identification of his name on the websites themselves, upon reason and belief.

3.  Trademark Plus, Inc., Sharp Filings, Inc., Trademark Plus, Inc., Leading Edge Filings, Inc., Premier Legal Filings, Inc., BlueStone Filings Inc. shall collectively be included as ACAEE.    Upon reason and belief, Cheie uses

ACAEE for covert transactions to mask his true identity and for transactions involving the unauthorized practice of law, unfair competition and false advertising with respect to trademark filings before the USPTO in a strained effort to seek immunity from personal liability.

## **NATURE OF ACTION**

2.    This Complaint is brought by Plaintiffs to expose the spurious, reckless and systematic acts of false and deceptive advertising and unfair competition by ACAEE. Cheie operates a number of different trademark filing websites including TrademarkPlus.com, SharpFilings.com, SpeedyTrademark.com, TrademarkAtLaw.com, LeadingEdgeFilings.com, and TrademarkCrew.com, each website either having a shopping cart actively accepting credit card payments through payment gateways of sometimes defunct corporations for the filing of U.S. trademarks, or advertising trademark filing services boasting false physical addresses and bogus phone numbers for contact.

3. By way of many examples, Cheie's trademark filing website TrademarkPlus.com has an About Us page listing its owner as TrademarkPlus, Inc.[1]    However, secretary of state records for the State of Illinois show that TrademarkPlus, Inc. is a defunct corporation (**Exhibit U**).   Similarly, the physical Silicon Valley addresses for Cheie's website About Us pages for

---

[1] TrademarkPlus.com about us page, showing Contact information as Contact Us:  Trademark Plus, Inc. 1901 North Roselle Rd, Suite 800 Schaumburg, IL 60195
http://www.trademarkplus.com/help/contactus.asp?afid=, last checked January 5, 2018.

TrademarkCrew.com and LeadingEdgeFilings.com list the owner as Leading Edge Filings, Inc., at the false address of 1250 Oakmead Parkway, Suite 210 Sunnyvale California 94085.[2]

4. Similarly, upon reason and belief, the physical addresses on Cheie's trademark filing website TrademarkAtLaw.com's homepage  of 80 Broad St New York, NY 1004 is affiliated with Regus virtual offices (**Exhibit Z**) at which none of the ACAEE reside, upon reason and belief.  The Plaintiff Raj Abhyanker called Regus virtual offices at 80 Broad Street New York at the phone number (212) 837-7700 on January 5, 2018 at approximately 7:25 Pacific Time (10:25 Eastern Time), prior to filing this Complaint.  Similarly to the Silicon Valley office, the receptionist at Regus claimed that no business associated with TrademarkAtLaw, TrademarkPlus, or any entity associated with ACAEE has ever been located at 80 Broad Street New York to the best of her knowledge.

5. Even more strikingly, the contact us page for TrademarkAtLaw.com lists the address of 267 Park Avenue New York, NY 90210.   This is a false address, associated with dozens of template websites such as the one shown in **Exhibit Z** which at least one of the ACAEE ( TrademarkAtLaw.com) mimics.

6. Moreover the Silicon Valley, New York, and Chicago phone numbers of

---

[2] Plaintiff Raj Abhyanker physically visited the published address for TrademarkCrew.com on its "About Us" page at 1250 Oakmead Parkway, Suite 210 Sunnyvale, CA 94085 on January 5, 2018 prior to filing this Complaint at approximately 9AM PST.   The office is a virtual office for Pacific Workplaces (see photographs **Exhibit Y**), , and the receptionist there checked the computer and could not locate any records of any of the ACAEE including TrademarkCrew.com and SharpFilings.com ever being located there.

all websites other than TrademarkPlus.com's website of the ACAEE are defunct, upon reason and belief.   The phone number of 408-335-7898 for the trademark filing website LegalEdgeFilings.com goes to a generic voicemail to which no calls are ever returned, upon reason and belief (**Exhibit I, Section 7**).   The phone number for 315-502-1000 for TrademarkAtLaw.com goes to a different generic voice mail at all hours  to which no calls are ever returned, upon reason and belief  (**Exhibit L**).

7.  The phone number of 408-740-3700 (same number for SharpFilings.com) for TrademarkCrew.com (**Exhibit I, Section 7**) goes directly to a custom "Trademark Crew" voice-mail and the voice-mail is full so no messages can be left, even when calling anytime during their published "hours" of 8AM to 7PM pacific standard time (**Exhibit I, Section 7**).  Plaintiff Raj Abhyanker physically even visited the published address for TrademarkCrew.com on its "About Us" page at 1250 Oakmead Parkway, Suite 210 Sunnyvale, CA 94085 on January 5, 2018 prior to filing this Complaint at approximately 9AM PST.   The office is a virtual office for Pacific Workplaces (see photographs **Exhibit Y**), and the receptionist there checked the computer and could not locate **any** records of **any** of the ACAEE including TrademarkCrew.com and SharpFilings.com ever being located there.

8.  The TrademarkCrew.com website has a "**F**" (failing) rating from the

Better Business Bureau (**Exhibit O**) as of the filing of this Complaint for failing to answer complaints as well as a "**F**" rating from the Business Consumer Alliance (**Exhibit P**) after one thousand seven hundred and twenty five (1725) inquiries.

9. ACAEE can all be traced back to an individual Cheie at 2054 Parkside Drive, Park Ridge Illinois 60068, upon reason and belief.    Specifically, TrademarkCrew.com is listed as a DBA on the corporate ownership for Sharp Filings Inc., described to have a President by the name of Cheie (**Exhibit T**). Moreover, the website color theme, page navigation, page content and trade dress for TrademarkCrew.com is virtually identical to the color theme, page navigation, page content of the LeadingEdgeFilings.com website (**Exhibit I, Section 7**).

10. Tracing further, the U.S. trademark "Leading Edge Filings" (Serial 76688845) is owned by Cheie, who attached screenshots similar to the TrademarkCrew.com website for his submitted specimen proof of use for the LeadingEdgeFilings trademark (**Exhibit Q**).    No corporate owner is identified in the WhoIs record for TrademarkPlus.com (**Exhibit W**) or TrademarkAtLaw.com (**Exhibit X**).   They are still traceable back to Cheie however.    Specifically, the websites TrademarkPlus.com and the website SpeedyTrademark.com look largely similar (**Exhibit I, Sections 1 and 2**) and

have different addresses based in the nearby Chicago suburb cities of Schaumburg, Illinois (TrademarkPlus.com) and Park Ridge, Illinois (SpeedyTrademark.com, where Cheie resides).   Moreover, the websites SpeedyTrademark.com and TrademarkPlus.com have largely the same content, page navigation, and style. The WhoIs record for SpeedyTrademark.com (**Exhibit I, Section 7**) lists the domain "trademarkatlaw" as the administrator (domains@trademarkatlaw.com).      However,     the     website     for SpeedyTrademark.com listed the owner as Leading Edge Filings, LLC, the same company that owns TrademarkCrew.com as mentioned above.

11.   **Despite this, Cheie remains unlisted as the owner on any and all websites of the Trademark Plus Entities, on LinkedIn, or on any other social media, upon reason and belief.**

12. ACAEE harm the  "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.  The Plaintiffs ask ACAEE be enjoined from and pay damages for willful, reckless and systematic acts of false and deceptive advertising and unfair competition and other claims with respect to preparation, search and filing of trademark applications before the USPTO.


## THE PARTIES

**The Plaintiffs**

13. Plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC Worldwide") is a law firm wholly owned by Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar.   The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at 446 E. Southern Avenue Tempe Arizona 85282.

14. Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.

15. Plaintiff Raj Abhyanker is a California licensed attorney practicing patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.  Plaintiff Raj Abhyanker is a winner of the 2013 Legal Rebel award by the American Bar Association.

**The Defendants**

16. Alin Cheie ("Cheie") is an individual with a principal place of business at

1901 North Roselle Rd, Suite 800, Schaumburg, IL 60195, with a residence at 2054 Parkside Drive, Park Ridge Illinois 60068. Cheie is not a licensed attorney in the United States and is not authorized to practice law in any state. Upon reason and belief, Cheie is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

17. Sharp Filings, Inc. ("Sharp Filings") is an active corporation formed in the State of Illinois (File # 69519792, **Exhibit T**) of which Cheie is the listed President, located at 2054 Parkside Drive, Park Ridge Illinois 60068.

18. DOES 1-50 are entities that participated in the transactions complained of herein in ways which are unknown to Plaintiffs. The true names, capacities, nature, and extent of participation in the alleged activities by DOES 1-50, inclusive, are unknown to Plaintiffs and therefore Plaintiffs sue these Defendants by such fictitious names. Plaintiffs will amend the complaint to allege their true names and capacities when ascertained.

## **BACKGROUND OF THE PARTIES**

19. Plaintiff LegalForce RAPC Worldwide is a law firm wholly owned by Plaintiff Raj Abhyanker, a member in good standing of the State Bar of California, and the United States Patent Bar. The Firm practices patent and trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, and a law office at

446 E. Southern Avenue Tempe Arizona 85282.

20.  The website Trademarkia.com was created by the law firm of LegalForce RAPC Worldwide in 2009 but was spun off into a separate entity.  Plaintiff LegalForce RAPC Worldwide is the sole provider of legal services through the website Trademarkia.com with respect to trademark filings before the USPTO.

21.  LegalForce RAPC Worldwide employs, full time, more than ten (10) U.S. licensed trademark attorneys in its California and Arizona offices who substantially limit their practice to trademark law before the USPTO, and who are supported by legal support staff globally including in India, China, Poland, the United Kingdom and South Africa.  LegalForce RAPC Worldwide represents more than 10,000 clients from all over the United States and world, including over a thousand clients from the State of California.

22.  LegalForce RAPC Worldwide is the largest law firm filer of trademarks before the USPTO in each of the last five years.  The firm maintains interest on Lawyer Trust Account (IOLTA) trust accounts for all client funds, conducts robust conflict checks, and currently employs two former USPTO trademark examining attorneys.  It has never been disciplined by the USPTO or the State Bar of California.   At least two of its former attorneys are currently hired as USPTO trademark examining attorneys after leaving LegalForce RAPC, and a number of its former associate attorneys or legal assistants have been hired in

trademark and IP departments of leading Big Law IP firms including Orrick, Perkins Coie, Pillsbury Winthrop, DLA Piper, and Wilson Sonsini Goodrich & Rosati as well as in legal departments at leading technology companies, including Google, Inc., Facebook, Inc., Apple, Inc., and Electronic Arts, Inc.

23.   Plaintiff LegalForce, Inc. is a Delaware corporation offering law firm automation and free trademark search services through its website Trademarkia.com with a principal place of business at 1580 W. El Camino Real Suite 9, Mountain View California 94040.  The Chief Executive Officer (CEO) and co-founder of Plaintiff LegalForce, Inc. is Plaintiff Raj Abhyanker.  Plaintiff LegalForce, Inc. makes no revenue from preparation and filing on U.S. trademark applications.   It receives a flat monthly technology licensing revenue from Plaintiff LegalForce RAPC Worldwide independent of the legal services revenue secured by the firm LegalForce RAPC Worldwide through the Trademarkia.com website.

24.   Plaintiff Raj Abhyanker is a California licensed attorney practicing patent & trademark law before the USPTO with a principal place of business at 1580 W. El Camino Real Suite 10, Mountain View California 94040, is the sole shareholder of Plaintiff LegalForce RAPC Worldwide and is a CEO of Plaintiff LegalForce, Inc.  In 2013, he was named an American Bar Association Journal "Legal Rebel," an "annual honors program for the change leaders of the legal

profession"[3] and a member of the Fastcase 50, an annual award that "recognizes 50 of the smartest, most courageous innovators, techies, visionaries, and leaders in the law."[4]

25.   Cheie ("Cheie", doing business as "ACAEE")  is an individual with a principal place of business at 1901 North Roselle Rd, Suite 800, Schaumburg, IL 60195, with a residence at 2054 Parkside Drive, Park Ridge Illinois 60068. Cheie is not a licensed attorney in the United States and is not authorized to practice law in any state.  Upon reason and belief, Cheie is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

26. ACAEE includes a number of websites operated by Cheie including at least TrademarkPlus.com, SharpFilings.com, SpeedyTrademark.com, TrademarkAtLaw.com, LeadingEdgeFilings.com, and TrademarkCrew.com.

27. Sharp Filings, Inc. ("Sharp Filings") is an active corporation formed in the State of Illinois (File # 69519792, **Exhibit T**) of which Cheie is the listed President, located at 2054 Parkside Drive, Park Ridge Illinois 60068.  Upon reason and belief, Sharp Filings, Inc. is a "shell" company of Cheie serving as his *alter-ego* to hide from competitors, regulators, and angry customers. Specifically, Sharp Filings, Inc. (active, **Exhibit T**) and its predecessors

---

[3] http://www.abajournal.com/magazine/article/2013_legal_rebels_a_banner_year
[4] http://www.fastcase.com/fastcase50-winners-2013.

including at least Trademark Plus, Inc. (dissolved, **Exhibit U**), Leading Edge Filings, Inc. (involuntarily dissolved, **Exhibit V**), Premier Legal Filings, Inc. (inactive, **Exhibit T**), and Bluestone Filings, Inc. ((inactive, **Exhibit T**) are all corporations at one point offering U.S. trademark filing services which are all traceable to Cheie, despite any public identification of his name on the websites themselves.

28. Upon reason and belief, Cheie is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

## JURISDICTION AND VENUE

29.   This Complaint arises under the laws of the United States, 15 U.S.C. §1125 *et seq.*  This Court has original jurisdiction of this action under 28 U.S.C. §1331 because at least some of the claims alleged herein arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over any non-federal claims because such claims are so related as to form part of the same case or controversy.  Moreover, Plaintiffs have standing to their California state claims under the California Business and Professions Code in accordance to California appellate case law in *Higbee v. Expungement Assistance Services*.[5]

---

[5] **214 Cal. App. 4th 544 *; 153 Cal. Rptr. 3d 865 **; 2013 Cal. App**, in which the court concluded that the attorney alleged an identifiable trifle of injury sufficient to withstand a demurrer. The attorney alleged that he suffered losses in revenue and asset value and was required to pay increased advertising costs specifically because of the provider's unlawful business practices. To have standing under the UCL, the attorney was not required to have engaged in business dealings with the provider. The court saw no reason why the alleged violation of statutes concerning the unauthorized practice of law could not serve as a predicate for the attorney's

30. This Court has personal jurisdiction over ACAEE because the defendants solicit, transact and does business in California and this District via its website and at least one toll-free telephone number, a substantial part of the wrongful acts or omissions complained of herein occurred in this District, and the Defendants are subject to personal jurisdiction in this District. ACAEE purposefully directed its activities toward this District when it willfully and specifically targeted consumers here and a substantial part of the harm was felt in this District.

31. Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §§ 1391 (b) and (c).

## HARM TO PUBLIC INTEREST

32. Through its acts of preparing and filing trademarks, ACAEE harm the "public interest" in that public consumers become susceptible to the risk of bad legal advice dispensed by unlicensed, un-trained, and uninformed non-lawyers.

33. Since Cheie is not a licensed attorney, then he is necessarily a non-lawyer that operates beyond the reach of protections built into the legal profession. Because regulatory protections are built into the legal profession, but no regulatory protections are in place for online legal services, consumers are worse off getting bad legal advice from ACAEE than from Plaintiffs.

---

UCL action. According to the attorney, the provider's unlawful business practices had taken customers away from him.

34. The Plaintiffs are bound to the rules governing the legal profession and USPTO, and that those rules are designed to protect consumers. If it in fact achieves what it sets out to disclaim, ACAEE privacy policies (**Exhibit I, Section 3**) demonstrate that there is some merit to the argument that limiting the practice of law to lawyers benefits consumers by guaranteeing protections built into the legal profession.

35. Consider the following excerpt directly from the homepage of at least one website, TrademarkPlus.com of the ACAEE.  For example, the ACAEE website includes disclaimers:

36. We are not a law firm or substitute for an attorney or a substitute for a law firm. (**Exhibit I, Section 1**).

37. We cannot provide any kind of advice, recommendation or explanation about your specific legal rights, remedies, defenses, or options.  (**Exhibit I, Section 1**).

38. Since the details of your case are fact dependent, if legal advice or other professional assistance is required you should seek the services of a competent professional person.  (**Exhibit I, Section 1**).

39. By renouncing the attorney-client relationship and purporting to provide legal information rather than legal advice, ACAEE hopes to achieve two business advantages at the expense of consumers: (1) sidestepping professional

responsibilities governing the legal profession and (2) avoiding liability.

40. The Plaintiffs' emphasize that ACAEE avoid the responsibilities of law practice by characterizing its services as "self-help" for pro se litigants and maintaining that the website cannot substitute for an attorney, without regard to any understandable assumptions otherwise.   By preparing search reports, assisting in the selection of classification of goods and services, evaluating specimens of use, and/or preparing trademark applications upon reason and belief, ACAEE employees are trained to disseminate legal "advice."  Despite this, if taken at face value, ACAEE disclaimer and privacy policy allow it to operate free from the confines of ethical rules enforceable upon attorneys.

41. Plaintiffs further argue that by falling outside the existing regulatory space for legal services—where regulations are designed by and applied to licensed lawyers—ACAEE deny consumers redress that they would otherwise have for faulty legal advice.

42. For example, communications with the ACAEE website are protected only by the company's Privacy Policy, not the attorney-client privilege or work product doctrine of Plaintiff LegalForce RAPC Worldwide.  ACAEE has no duty of confidentiality, which would otherwise prevent an attorney from revealing information relating to the representation.   Under the existing regulatory structure, ACAEE also operates beyond the reach of comparable

disciplinary authorities for charging an unreasonable fee1 or obtaining consent for representing clients with conflicts of interest.

43. Upon reason and belief, deceptive advertising is another particularly relevant problem for many customers using ACAEE.  Plaintiffs' argue that if ACAEE were a law firm, its practices would be disciplined by potential violations for communicating false or misleading information about its services.

44. Moreover, Plaintiffs points out that ACAEE limits its own liability for problems arising from its services in ways impermissible for practicing lawyers. By operating outside the professional rules, ACAEE bypasses the duties of competence and diligence required of all lawyers practicing law—duties which, if violated, could give teeth to malpractice actions.   A comprehensive liability limitation clause requires that customers hold ACAEE harmless for any for any loss, injury, claim, liability, or damage.   Without a lawyer to fall back on, customers relying on ACAEE may sometimes fail to comply with jurisdiction-specific requirements, resulting in an increase of reliance on lawyers conducting post-mortem fixes to remedy problems.  Though the disclaimer is not guaranteed to waive ACAEE of all liability, it makes it more difficult for clients to avoid shouldering liability for costly errors in legal documentation.

## ETHICS RULES RELEVANT TO ALL CLAIMS

## I. USPTO'S DEFINITION OF UNAUTHORIZED PRACTICE OF LAW FOR TRADEMARK MATTERS BEFORE THE USPTO.

45.    Consulting with or giving advice to an applicant or registrant in contemplation of filing a trademark application or application-related document (**Exhibit A**).

46.    Preparing or prosecuting an application, response, post-registration maintenance document, or other related document  (**Exhibit A**).

## II.  USPTO'S DEFINITION OF LEGAL ADVICE FOR TRADEMARK MATTERS BEFORE THE USPTO.

47.  Conducting pre-filing searches for potentially conflicting trademarks (**Exhibit B**).

48.  Analyzing or pre-approving documents before filing  (**Exhibit B**).

49.  Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services  (**Exhibit B**).

## III.  APPLICABLE RULES AND REGULATIONS ON THE PRACTICE OF LAW BEFORE THE USPTO.

## USPTO RULES

50. **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

51. **37 CFR §11.107 – Conflict of interest.** (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) The representation of one client will be directly adverse to another client; or (2) There is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

52. **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or elsewhere with the consent of the client or third person.

53. **37 CFR §11.18 – Signature and certification for correspondence filed in the Office.** (a) For all documents filed in the Office in patent, trademark, and other non-patent matters, and all documents filed with a hearing officer in a disciplinary proceeding, except for correspondence that is required to be signed by the applicant or party, each piece of correspondence filed by a practitioner in the Office must bear a signature, personally signed or inserted by such

practitioner, in compliance with § 1.4(d) or § 2.193(a) of this chapter.

54.  There are other counterpart state court rules in before the State Bar of Illinois and the State Bar of California, not reprinted here, with largely similar restrictions.

///

CALIFORNIA CIVIL CODE

55.  **California Business and Profession §6125 – Unlawful Practice of Law.**  No person shall practice law in California unless the person is an active member of the State Bar.

IV.  VIOLATIONS OF UNAUTHORIZED PRACTICE OF LAW RULES OF THE USPTO BY GIVING LEGAL ADVICE TO CUSTOMERS FOR UNITED STATES TRADEMARKS & FALSE AND MISLEADING ADVERTISING.

56.  Although Cheie represents on his websites ACAEE do not practice law, this representation is false and/or misleading, upon reason and belief. Specifically, ACAEE practice law when they offer "qualified search agents" who "will search in-depth for any possible conflicting marks and present them in a concise and focused manner" to ensure that ACAEE does not file ineffectual trademark applications that are highly likely to get rejected by the USPTO.

57. In addition, ACAEE admit performing detailed trademark searches, prioritizing search results without attorney review.  In addition, ACAEE admit

that they "Professionally prepare a U.S. federal trademark application" for $149 + filing fees.   In fact, ACAEE hires no licensed professionals authorized to file trademarks before the USPTO based on their own disclaimers.   The only profile for an employee of any ACAEE appears to be an individual named "Dana Sabo" (**Exhibit R**), who upon reason and belief is "Daniela A. Sabo", a relative of Cheie (**Exhibit S**).

58. Therefore, upon reason and belief, after a trademark filing request is made on the ACAEE website, ACAEE practices law per the USPTO definition in critical steps in which trademark search results are prioritized, classification of trademarks are determined, the description of goods and services are adjusted, and search results are reviewed with customers.

59. Plaintiff Raj Abhyanker requested the filing of a trademark application through the TrademarkEngine.com website.   Email addresses of raj@legalforcelaw.com for customer RAJ ABHYANKER was used.   Plaintiff Raj Abhyanker paid $149 through the TrademarkPlus.com website.

60. A real trademark related to business of Plaintiffs was used for EVEREST CLAY REALTORS was applied for federal registration through the Trademark Engine website.   EVEREST CLAY REALTORS is trade name of a real estate brokerage and investment firm started by Plaintiff Raj Abhyanker.   ACAEE never filed this trademark but they did fill out the USPTO form and submit a

specimen of use on a USPTO form.  On December 11, 2017, Plaintiff Raj Abhyanker received an email directly from the USPTO saying "TrademarkPlus requests you to e-sign the Trademark/Service Mark Application, Principal Register." (**Exhibit C**).   Plaintiff Raj Abhyanker did not sign this form as it had a number of errors.

61. The evidence described above demonstrates that, upon reason and belief, ACAEE violates a number of clear boundaries for practice of law, including:

a. **Consulting with or giving advice to an applicant or registrant in contemplation of filing a trademark application or application-related document and Advising applicants on substantive examination issues, such as the acceptability of specimens and classification of goods and services. (Exhibits A and B).**

b. **Conducting pre-filing searches for potentially conflicting trademarks (Exhibit B).**

c. **Analyzing or pre-approving documents before filing (Exhibit B).**

62.   Upon reason and belief, ACAEE performs the "Search Prioritization Step" to ensure that it does not file ineffectual trademark applications that are highly likely to get rejected by the USPTO.  It seems, upon reason and belief, ACAEE non-lawyer staff are not well trained to provide this legal advice.

63. Upon reason and belief, after ACAEE Trademark Document Specialists provide critical legal advice during this "Search Prioritization Step", the mark proceeds to the "trademark filing" phase.  This "Search Prioritization Step is performed non-lawyer staff without review by licensed attorneys in violation of the USPTO's practice of law definition in **Exhibits A and B**.

64. After the customer approves the search report, ACAEE enters the customer's information directly into the USPTO website and requests a link from the USPTO to the signature form using the customer's email ID, upon reason and belief (**Exhibit C**).

65.  Upon reason and belief, ACAEE unilaterally waive privacy protections and underlying copyright publication rights to the USPTO when ACAEE signs on behalf of the client after they confirm filing details on the USPTO website.

66. Moreover, upon reason and belief, ACAEE maintains no client trust account (IOLTA account) for trademark matters, uses non-lawyer assistants to evaluate specimens of use in commerce for authenticity, and performs no conflict checks against other customers.

67. In contrast, as a law firm, Plaintiff LegalForce RAPC Worldwide and its licensed attorneys must conduct conflict checks with existing clients prior to taking on representation of prospective clients.[6]  It must place client funds in an

---

[6] **37 CFR §11.107 – Conflict of interest.**   (a) Except as provided in paragraph (b) of this section, a practitioner shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:  (1) The representation of one client will be directly adverse to another client; or (2) There is a

IOLTA trust account prior to work being started.[7]   It must hire U.S. licensed attorneys to counsel clients on trademark classification selection, modifying description of goods and services, and reviewing specimens provided by its clients for completeness and applicability to the selected classification.[8]

68. If Plaintiff LegalForce RAPC Worldwide and its licensed attorneys were to adopt a similar model as ACAEE, it is very likely that the firm and its licensed attorneys would be disbarred and/or excluded from practicing law by the USPTO, any state in which they are licensed by a State Bar.

69. This is a real threat.   Recently, Matthew Swyers ("Swyers"), a former USPTO trademark examining attorney in private practice and founder of The Trademark Company, was excluded for practice by the USPTO for the conduct similar to ACAEE (**Exhibit D**).    In addition, another attorney Tracy W. Druce ("Druce") was suspended for failure to supervise assistants even though the lawyer did not know of the conduct of his assistants signing documents on his behalf (**Exhibit E**).     Moreover, the USPTO also excluded from practice Leonard Tachner ("Tachner"), who, was a suspended attorney whose

---

significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client, a former client or a third person or by a personal interest of the practitioner.

[7] **37 CFR §11.115 - IOLTA trust account.** A practitioner shall hold property of clients or third persons that is in a practitioner's possession in connection with a representation separate from the practitioner's own property. Funds shall be kept in a separate account maintained in the state where the practitioner's office is situated, or elsewhere with the consent of the client or third person.

[8] **California Business and Profession §6125 – Unlawful Practice of Law.**  No person shall practice law in California unless the person is an active member of the State Bar.  **37 CFR §11.505 – Unauthorized Practice of Law.**  A practitioner shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

corporation prepared and filed trademark applications while he was suspended on the grounds of unauthorized practice of law (**Exhibit F**).

70. Unlike Swyers, Druce, and Tachner, upon reason and belief, the USPTO and State Bars take no similar action against ACAEE. This double standard is a great injustice that harms both attorneys and the public at large.  Attorneys who have spent years going through law school, taking a difficult bar exam, maintaining an IOLTA trust account, and performing conflict checks **cannot** effectively compete against non-law firm competitors like ACAEE on an even playing field.  It also lowers the standard of service to the public because ACAEE customers rely on the legal advice given by non-attorneys.  For these reasons, an injunction and damages false advertising, unfair competition, malpractice, and other causes of action are sought.

## V.  ACAEE MISLEADING ONLINE ADVERTISING IS DAMAGING TO PLAINTIFFS' GOODWILL AND MISLEADING TO THE PUBLIC WITH FALSE COMPARISONS TO ATTORNEY LED SERVICES, AS SUCH ACTIONS CAUSING IRREPARABLE HARM TO PLAINTIFFS.

71. Plaintiff LegalForce RAPC Worldwide and ACAEE are large purchasers of online advertising including on Google and Bing per month for "trademark filing" related search terms.

72. Upon reason and belief, ACAEE non-attorney trademark filing service

has threatened, and continues to threaten, Plaintiff LegalForce RAPC's business directly by competitively bidding against Plaintiff LegalForce RAPC Worldwide on Google and Bing for trademark related keywords through deceptive advertising which are predicated on the unauthorized practice of law.

73. Specifically, ACAEE ads include deceptive advertising with headings such as "Over 15 Yrs Professional Experience" which falsely implies ACAEE hire licensed professional trademark attorneys.  (**Exhibit I, Section 5**).

74. Upon reason and belief, ACAEE non-attorney trademark filing service has threatened, and continues to threaten, Plaintiff LegalForce RAPC's business directly by confusing potential clients through deceptive advertising which are predicated on the unauthorized practice of law.

75. ACAEE is not a law firm or authorized to practice law in any state. Moreover, upon reason and belief, ACAEE is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

76. Despite not being a law firm and despite not hiring any attorneys representing external clients, ACAEE makes false web claims whenever consumers enter search terms related to "trademark attorney" and "trademark lawyer" in the United States on Google, Bing and other search engines. (**Exhibit I**, Section 4).

77. In contrast, rules for mandatory conflict checks, attorney client privilege, and storing client funds in IOLTA accounts have been adopted by every State Bar, for the explicit purpose of protecting clients. ACAEE boasts about eschewing these long standing client protections. While not having power of attorney, not holding attorney client privilege, and not conducting conflict checks, yet still providing legal advice, ACAEE advertising copy is explicitly designed to wrongfully imply that paying anything more would be wasteful to clients to hire attorneys like the Plaintiff LegalForce RAPC Worldwide.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### FEDERAL FALSE & MISLEADING ADVERTISING AND UNFAIR COMPETITION IN VIOLATION OF THE FEDERAL TRADE COMMISSION ACT, 15 U.S.C. § 45, 15 U.S.C. § 52, 15 U.S.C. § 53 (Against all Defendants and DOES 1-50)

78. Plaintiffs incorporate herein by reference paragraphs **1-77** above.

79. The Federal Trade Commission Act prohibits any unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, and declares such acts or practices unlawful.

80. ACAEE is not a law firm in the United States and is not authorized to practice law in any state. ACAEE is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

81. The Federal Trade Commission Act prohibits false and misleading advertising and prohibits advertisers like ACAEE from making any claim, and directly or indirectly, in words or in substance, qualified or unqualified, that contain express or implied falsehoods.

82. ACAEE false and misleading advertisements have deceived a substantial segment of the audience exposed to it, or have the capacity for such deception, and have influenced, or are likely to influence, consumer purchasing decisions.

83. ACAEE sells, offers for sale, distributes, and/or advertises goods and services to consumers that directly compete with Plaintiffs' sales of their own services and products.

84. ACAEE conduct demonstrates an intentional, willful, and malicious intent to deceive consumers and unfairly compete with Plaintiffs.

85. ACAEE false and misleading advertisements have caused and, unless enjoined, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law.   In addition, as a result of ACAEE false and misleading advertisements, Plaintiffs have been injured, including but not limited to, decline in sales and market share, loss of goodwill, and additional losses and damages.  Furthermore, ACAEE has been unjustly enriched at the expense of Plaintiffs as a consequence of ACAEE false and misleading advertising.  Accordingly, Plaintiffs are entitled to injunctive relief and to

recover actual damages, enhanced profits and damages, costs, ACAEE profits, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### SECOND CLAIM FOR RELIEF
CALIFORNIA UNFAIR COMPETITION IN VIOLATION OF
CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*
(Against all Defendants and DOES 1-50)

86. Plaintiffs incorporate herein by reference paragraphs **1-85** above.

87. ACAEE false comparisons with Plaintiffs' attorney managed U.S. trademark service as being comparable to ACAEE non-attorney service through misleading advertising, as alleged above, constitute unfair competition in violation of Section §17200 *et seq.* of the California Business and Professions Code.

88. ACAEE uses "trademark" related search terms to redirect customers to ACAEE false and misleading advertisements and to disseminate such false and misleading advertisements in interstate commerce. As a result, ACAEE has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

89. As a result of ACAEE wrongful acts, Plaintiffs have suffered and will continue to suffer loss of hundreds of thousands of dollars of income, profits and

valuable business opportunities and if not preliminarily or permanently enjoined, ACAEE will have unfairly derived and will continue to derive income, profits and business opportunities as a result of its wrongful acts.

90.  Pursuant to California Business and Professions Code Section §17200 *et seq.*, Plaintiffs seek an order of this Court preliminarily and permanently enjoining ACAEE from continuing to engage in the unlawful, unfair and fraudulent acts or practices set forth herein, as well as compensatory damages and restitution.

## **THIRD CLAIM FOR RELIEF**

CALIFORNIA FALSE & MISLEADING ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *ET SEQ.* and § 17600 *ET SEQ.*
(Against all Defendants and DOES 1-50)

91. Plaintiffs incorporate herein by reference paragraphs **1-90** above.

92.  ACAEE uses "trademark" related search terms to redirect customers to ACAEE false and misleading advertisements and to disseminate such false and misleading advertisements in interstate commerce.

93. As a result, ACAEE has widely disseminated such false and misleading advertisements via the internet to relevant purchasing public so as to sufficiently constitute commercial advertising under the Section §17200 *et seq.* of the California Business and Professions Code.

94. ACAEE non-attorney trademark document specialists unlawfully assist

customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the United States Patent & Trademark Office, and filing trademarks before the United States Patent & Trademark Office.

95. ACAEE is not a law firm in the United States and is not authorized to practice law in any state.  ACAEE is not a registered or bonded legal document assistant under California Business and Professions Code, sections §6400 et seq.

96. While using online advertising and websites to trigger and disseminate the misleading advertisements herein alleged, ACAEE knew, or by the exercise of reasonable care should have known, that the advertisements were untrue and misleading and so acted in violation of Section §17500 of the Business and Professions Code.

97. ACAEE non-attorney trademark document specialists unlawfully assist customers with modifying goods and services descriptions, selecting classifications of trademarks to be filed before the USPTO, and filing trademarks before the USPTO.

98. ACAEE has been unjustly enriched through its false and misleading advertising.

99. Plaintiffs have lost business caused by the false and misleading ACAEE advertisements as a result of at least one customer refusing to do business with

Plaintiffs due to the fact that ACAEE advertisements falsely implying that ACAEE offers trademark filing services with the USPTO in an ethically compliant manner, upon reason and belief.

100.   Unless restrained by this court, ACAEE will continue with its untrue and misleading advertising, as alleged above, in violation of Section §17500 of the Business and Professions Code and in violation of Section §17509 of the California Business and Professions Code, thus, tending to render judgment in the instant action ineffectual and will cause additional injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

101.   Pursuant to California Business and Professions Code Section §17500, Plaintiffs seek an order of this Court preliminarily and permanently enjoining ACAEE from continuing to engage in the false and misleading advertising set forth herein, as well as compensatory damages and restitution.

102.   ACAEE business practices and acts, fully described above, constitute an unlawful practice of law and create false and misleading impressions on potential clients of Plaintiff LegalForce RAPC Worldwide.

103.   ACAEE business model and acts, including but not limited to its website and false and misleading advertising, constitute unfair practices, intentionally aimed at getting ahead of any competitors with lawful business conduct such as that of the Plaintiffs. The acts alleged herein continue to present

a threat to Plaintiffs and average consumers, especially the ones with limited resources.

104.   ACAEE acts were, and are, likely to deceive an average consumer, and thus constitute unfair business practices as described herein.

105.   ACAEE has engaged in unlawful, unfair and fraudulent business practices and damaged the public and Plaintiffs through the conduct alleged herein.

106.   Plaintiffs are informed, believe, and thereupon allege that ACAEE conduct as described herein was, and is, unlawful, unfair and/or fraudulent in violation of Section §17000 *et. sq.* of the California Business and Professions Code and has the potential to cause, and has in fact caused, confusion in the marketplace.

107.   Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of ACAEE unlawful acts unless enjoined by this Court.

108.   The conduct herein complained of was extreme, outrageous, surreptitious, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.

109.   Plaintiffs are entitled to an injunction restraining ACAEE, and all persons acting in concert with them, from engaging in such further acts of unfair

competition, including:

i.  Enjoining non-lawyer assistants of ACAEE to recommend and advise on selection of classifications of goods and services for trademark applications sought to be filed with the USPTO directly to customers, modify standard descriptions from the USPTO ID manual directly for customers and pay government fees on behalf of customers who are not represented by a lawyer.

ii.  Enjoining ACAEE from purchasing misleading advertising related to trademark filing and registration and related keywords for non-attorney trademark filing services offered by ACAEE with respect to U.S. trademark matters.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment as follows:

1.  Temporary and permanent injunctions as defined herein be entered in their favor and against Cheie, and any company or entity in which Cheie has an ownership or beneficial interest, first temporarily and then permanently restraining and enjoining him, directly or indirectly, on his own or as a partner, or an employee from operating websites known as ACAEE or any other website that attempts to offer any legal services requiring the practice of law including, but not limited to, U.S. trademark search, U.S. trademark filing and U.S. trademark prosecution services for office actions, statements of use,

oppositions, trademark watch, renewal, opposition, and litigation services.

2.    From further acts of false and misleading advertising and unfair competition that would damage or injure Plaintiffs.

3.    The Court find ACAEE acts of false and misleading advertising and unfair competition to be knowing and willful, and an exceptional case within the meaning of 15 U.S.C. §1117 and California law.

4.    Restitution as allowed under applicable statutes.

5.    Compensatory damages in an amount believed to be in excess of one million dollars ($1,000,000.00) to be determined at trial.  Plaintiffs' damages are continuing each day as they are unable to compete fairly due to Defendants unlawful actions, and they will seek treble recovery of all additional damages they incur during the pendency of this lawsuit.

6.    Punitive damages in an amount to be determined at trial.

7.    Legal and equitable further relief as this court finds just and proper.

8.    Order compelling the USPTO to follow its stated procedures for notification to affected applicants of an excluded marks for all trademarks in which government fees were paid by the excluded party (**Exhibit H**) including, but not limited notifications to the affected applicant or registrant that:

   i.    Alin Cheie, and none of his websites including but not limited to ACAEE are not entitled to practice before the USPTO in

trademark matters and, therefore, may not represent the applicant or registrant.

ii.  Any trademarks and documents filed by Alin Cheie, ACAEE are *void ab initio*, meaning they were invalid from the start of any action taken by the excluded party.

iii.  Alin Cheie, and none of his non-attorney employees at ACAEE may not sign checkboxes, pay government fees, prepare trademark applications, assist with responses to the USPTO's actions, authorize examiner's amendments or priority actions, conduct interviews with USPTO employees, or otherwise represent an applicant, registrant, or party to a proceeding before the USPTO.

iv. All correspondence concerning the application or registration will be sent to the domestic representative if one has been appointed, or, alternatively, and in most circumstances, to the applicant or registrant at his/her address of record.

9.   Plaintiffs be awarded costs, prejudgment interest and attorneys' fees pursuant to 15 U.S. Code § 7706 of the Federal Trade Commission Act for exceptional case, and other applicable statutes.

Respectfully submitted this Friday January 5, 2018.


LEGALFORCE RAPC WORLDWIDE P.C.


/s/ Raj V. Abhyanker_____
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker

## **JURY TRIAL DEMAND**

Plaintiffs hereby request a jury trial for all causes of action alleged in this Complaint.

Respectfully submitted this Friday January 5, 2018.

LEGALFORCE RAPC WORLDWIDE P.C.

By   /s/ Raj V. Abhyanker
Raj V. Abhyanker
California State Bar No. 233,284
Attorney for Plaintiffs:
LegalForce RAPC Worldwide, P.C.,
LegalForce, Inc., and
Raj V. Abhyanker