IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C., <br><br> Plaintiff, <br><br> v. <br><br> ALIN IACOB, et al., <br><br> Defendants. | Case No. 18-cv-00127-MMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND** <br><br> Re: Dkt. No. 33 |

Before the Court is defendants Alin Iacob ("Iacob"), Sharp Filings, Inc. ("Sharp Filings"), and Siebay Inc.'s ("Siebay") "Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)," filed May 2, 2018. Plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

In the operative complaint, the First Amended Complaint ("FAC"), LegalForce RAPC alleges it is a law firm that "practices patent and trademark law before the USPTO [United States Patent and Trademark Office]" (see FAC ¶ 20), and that "it has been the largest law firm filer of trademarks before the USPTO for the past five years" (see FAC ¶ 43).

//

---

[1] By order filed June 25, 2018, the Court took the matter under submission.

LegalForce RAPC alleges that Sharp Filings operates two websites, specifically, TrademarkCrew.com and SharpFilings.com (see FAC ¶ 22), and that Siebay operates one website, specifically, TrademarkPlus.com (see FAC ¶ 23). According to LegalForce RAPC, the above-referenced websites, as well as other websites that either Sharp Filings or Siebay operated in the past, "provide the same service — trademark preparation." (See FAC ¶ 3).

LegalForce RAPC alleges that Sharp Filings and Siebay have made "false and misleading advertising statements" (see FAC ¶ 19), and have engaged in the "unauthorized practice of law" (see FAC ¶ 18). LegalForce RAPC further alleges that Sharp Filings and Siebay are "alter ego[s]" of Iacob. (See FAC ¶¶ 22-23.)

On April 18, 2018, LegalForce RAPC filed its FAC, asserting therein three Claims for Relief: (1) "False Advertising and Unfair Competition [under] the Lanham Act, 15 U.S.C. § 1125(a)"; (2) "California Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq."; and (3) "California False & Misleading Advertising in Violation of Cal. Bus. & Prof. Code § 17500 et seq."

The instant motion followed.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

In their motion, defendants argue that each of LegalForce RAPC's claims is subject to dismissal.

**A. Federal Claim**

The Lanham Act prohibits any "false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another's goods, services, or commercial activities." See 15 U.S.C. § 1125(a)(1).

In the First Claim for Relief, LegalForce RAPC alleges that defendants, in violation of the Lanham Act, have "made false and misleading descriptions and representations of fact" in "commercial advertisements or promotions." (See FAC ¶¶ 61-62.)

**1. Liability of Iacob**

At the outset, defendants argue, LegalForce RAPC has failed to allege sufficient facts to support a finding that the Court has personal jurisdiction over Iacob.

Where, as here, a party asserts more than one cause of action, "the court must have in personam jurisdiction over the defendant with respect to each claim." See Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1289 n.8 (9th Cir.1977). Personal jurisdiction may be "general" or "specific." See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). A court has "general jurisdiction"

3

over a defendant if the defendant's contacts with the forum are "substantial or continuous and systematic," i.e., if they are "of the sort that approximate physical presence." See id. (internal quotation and citation omitted). A court has "specific jurisdiction" over a defendant if "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." See id.

The plaintiff, as the party "seeking to invoke federal jurisdiction," has the burden of establishing a court's jurisdiction over each defendant. See AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). In determining whether a plaintiff has met this burden, "uncontroverted allegations in [the] complaint must be taken as true." See id. Here, as defendants do not offer evidence to counter LegalForce RAPC's factual allegations offered in support of personal jurisdiction,[2] the issue presented is whether the factual allegations in the FAC, assumed true, are sufficient to establish the Court's jurisdiction over Iacob.

In that regard, LegalForce RAPC does not allege the Court has general jurisdiction over Iacob. Rather, citing, in particular, "the alter ego doctrine" (see FAC ¶ 30), LegalForce RAPC alleges the Court has specific jurisdiction over Iacob. Although personal jurisdiction over a defendant may be premised on a showing that one defendant is the alter ego of a second defendant who is subject to jurisdiction in the forum,[3] the plaintiff, to rely on such principle, must "make out a prima facie case that [the first defendant] is [the second defendant's] alter ego." See AT&T, 94 F.3d at 591.

---

[2] Although defendants, in support of the instant motion, have submitted a declaration by Iacob, the declaration does not include any statements contrary to the factual allegations made in the FAC in support of LegalForce RAPC's theory of personal jurisdiction as to Iacob.

[3] Defendants have not challenged LegalForce RAPC's allegations of personal jurisdiction as to Sharp Filings and Siebay.

4

Defendants contend LegalForce RAPC has failed to make such a showing.

Under California law,[4] there are "two general requirements" for establishing liability under an alter ego theory; the plaintiff must show: (1) "there [is] such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist;" and, (2) "if the acts are treated as those of the corporation alone, an inequitable result will follow." See Mesler v. Bragg Mgmt. Co., 39 Cal.3d 290, 300 (1985) (internal quotation and citation omitted). Here, although the FAC includes conclusory allegations that the two requirements are met (see FAC ¶ 30), LegalForce RAPC fails to allege sufficient facts to support those conclusions. See Twombly, 550 U.S. at 555 (requiring more than "labels and conclusions" to survive motion to dismiss).

In that regard, the facts pleaded in the FAC that address the nature of Iacob's interest in, ownership of, and/or control over Sharp Filings and Siebay are that Iacob is the "owner" of said two entities (see FAC ¶ 21), that he is listed, in filings with the Office of the Illinois Secretary of State, as the "Agent" and "President" of said entities (see FAC ¶¶ 7, 22-23), that he "redirects at least one of his personally owned websites[,] www.copyright.legal[,]" to TrademarkPlus.com, a website operated by Siebay (see FAC ¶¶ 28, 30), and that his "personal name" is "listed in the WHOIS record for the domain" (see FAC ¶ 30).[5] Such factual allegations are, however, insufficient as a matter of law to support a finding of alter ego. See Katzir's Floor & Home Design, Inc. v. M–MLS.com, 394 F.3d 1143, 1149 (9th Cir. 2004) (holding "mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law"; observing, "[e]ven if the sole shareholder is entitled to all of the corporation's profits, and dominated and controlled the corporation, that fact is insufficient by itself to make the

---

[4] State law governs a district court's determination as to whether, for purposes of the Lanham Act, an individual and a corporation are alter egos. See U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1043 (9th Cir. 1986).

[5] The term the domain" appears to be a reference to TrademarkPlus.com (see id.), the website that, as noted above, is alleged to be operated by Siebay (see FAC ¶ 23).

shareholder personally liable"); Leek v Cooper, 194 Cal. App. 4th 399, 415 (2011) (holding "allegation that a person owns all of the corporate stock and makes all of the management decisions is insufficient to cause the court to disregard the corporate entity").

LegalForce RAPC argues that, in the event its factual allegations are found insufficient, it should be afforded leave to conduct jurisdictional discovery. Unlike the cases on which it relies, however, LegalForce RAPC fails to offer any evidence suggesting discovery would assist it in showing the exercise of jurisdiction in this instance would be proper. See Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (finding plaintiffs entitled to conduct jurisdictional discovery where "public documents offered by [p]laintiffs suggest[ed] that there [was] at least an arguable claim" that defendants' activities, contrary to defendants' contention, were governed by federal statute); Hall v. United States, 2017 WL 3252240, at *5 (S.D. Cal. July 31, 2017) (holding plaintiff's "presentation of [document] — though insufficient to establish jurisdiction on its own — suggest[ed]" plaintiff could establish requisite jurisdictional facts). Nor has LegalForce RAPC identified the discovery it would seek and how such discovery might establish jurisdiction. See Barantsevich v. VTB Bank, 954 F. Supp. 2d 972 (C.D. Cal. 2013) (denying request for jurisdictional discovery where plaintiff, in support thereof, "offered nothing but bare allegations" that entities were agents or alter egos; characterizing request as "nothing more than a 'fishing expedition'"). Under such circumstances, LegalForce RAPC has not shown it should be afforded leave to conduct jurisdictional discovery.

Accordingly, the Lanham Act claim is subject to dismissal to the extent it is alleged against Iacob.

**2. Challenged Statements/Acts**

As to the remaining two defendants, the Court next considers whether, as to each challenged statement and act on which the Lanham Act claim is based, LegalForce

//

6

RAPC has sufficiently alleged a claim.[6]

### a. "Get Unbeatable Professional Service for Less!"

LegalForce RAPC alleges that the following statement, contained in Sharp Filings' and Siebay's "advertisements and promotional materials," is false and misleading: "Get unbeatable professional service for less money!" (See FAC ¶ 33.) According to LegalForce RAPC, the term "professional" would be understood by consumers as being "characterized by or conforming to the technical or ethical standards of a profession." (See id.)

Defendants argue the statement is non-actionable puffery. "[P]uffery in advertisements" constitutes "either vague or highly subjective" assertions, for example, an advertisement that "states in general terms that one product is superior." See Cook, Perkiss & Liehe, Inc. Northern California Collection Service Inc., 911 F.2d 242, 246 (9th Cir. 1990).

A number of courts have considered whether "professional" connotes a factual assertion, and have concluded under the circumstances presented therein that it did not. See, e.g., Griggs v. State Farm Lloyds, 181 F.3d 694, 699, 701 (5th Cir. 1999) (characterizing representation by insurer that it "would provide timely and professional service" as "non-actionable puffery" rather than "representation[ ] of specific material fact"); McElroy v. Boise Cascade Corp., 632 S.W. 2d 127, 134-135 (Tenn. Ct. App. 1982) (finding no "actionable misrepresentation" where seller stated its prefabricated homes were "distributed through more than 1,200 independent professional home builders"; holding "use of the word 'professional' is, in and of itself, no guarantee of anything"); Ludlow v. Lowe's Companies, Inc., 2014 WL 12580233, at *12 (D. Haw. 2014)

---

[6]In the First Claim for Relief, which sets forth the basis for the Lanham Act claim, LegalForce RAPC does not identify each statement and act it is challenging; rather, aside from identifying two "example[s]" of challenged statements (see FAC ¶ 63), LegalForce RAPC "incorporate[s] by reference" all allegations made earlier in the FAC (see FAC ¶ 59). In their motion, defendants identify the statements and acts on which they believe LegalForce RAPC is basing the First Claim for Relief, and LegalForce RAPC, in its opposition, does not dispute defendants' interpretation.

7

1  (characterizing appliance store sign advertising "professional delivery" as "generalized"
2  and "mere puffery"; noting statement made "no specific representations about capability,
3  experience, or services provided"); Larobina v. Wells Fargo Bank, 2012 WL 1032953, at
4  *4 (D. Conn. March 27, 2012) (finding defendant's statement that it was "a professional
5  and stalwart bank" not actionable; characterizing statement as "merely statement[ ] of
6  opinion — not fact"); In re Marsh & McLennan Companies, Inc. Sec. Litig., 2006 WL
7  2789860, at *1-2 (September 27, 2006) (characterizing as "puffery" insurance broker's
8  statement "regarding its 'commitment to client service and professional standards'").

Here, similar to the above-cited cases, the term "professional service," at least in the absence of a further showing by LegalForce RAPC with respect to the context in which the statement was made, is a "general assertion[ ] of superiority" that lacks "the kind of detailed or specific factual assertions that are necessary to state a false advertising cause of action." See Cook, Perkiss & Liehe, 911 F.2d at 246; see also, e.g., Earthcam, Inc. v. Oxblue Corp., 2012 WL 12836518, at *6 (N.D. Ga. March 26, 2012) (finding statement that defendant's camera product "deliver[ed] professional-quality time-lapse construction video" was "nonactionable puffery"; holding "whether [product] is 'professional-quality,' without further elaboration, [is] vague statement[ ] not quantifiable").

Accordingly, to the extent the Lanham Act claim is based on "Get unbeatable professional service for less money!," the claim is subject to dismissal.

### b. "Our Professional Services Will Guide You Through[ ] the Filing Process"

LegalForce RAPC alleges the following statement, contained in Sharp Filings' and Siebay's "advertisements and promotional materials," is false and misleading: "Our professional services will guide you through[ ] the filing process." (See FAC ¶ 33.) Again, according to LegalForce RAPC, the term "professional" would be understood by consumers as being "characterized by or conforming to the technical or ethical standards of a profession." (See id.)

//

Defendants argue the statement is non-actionable puffery. The Court, for the reasons stated above with respect to "Get unbeatable professional service for less money!," agrees.

Accordingly, to the extent the Lanham Act claim is based on "Our professional services will guide you through[ ] the filing process," the claim is subject to dismissal.

### c. "Qualified Search Agents"

LegalForce RAPC alleges that the following "statement," described by LegalForce RAPC as contained in Sharp Filings' and Siebay's "ad copy," is false and misleading: "Iacob Group offers 'qualified search agents' who 'will search in-depth for any possible conflicting marks and present them in a concise and focused manner.'" (See FAC ¶ 34.a.)[7] According to LegalForce RAPC, "this statement is false and has high potential to mislead average customers into believing that [Sharp Filings and Siebay] can provide legal advice as other lawyers can, which includes conducting trademark searches." (See id.)

At the outset, the Court notes it is unclear whether LegalForce RAPC has identified a single statement or whether it has taken the phrase "qualified search agents" and attached it to another statement that explains the tasks those agents perform. Additionally, the Court notes that LegalForce RAPC has not identified how or where any such statement was published, e.g., on a website operated by a defendant or in an advertisement published elsewhere. Nevertheless, as defendants do not challenge this, or any other, statement on Rule 9(b) grounds,[8] the Court, for purposes of the instant

---

[7]"Iacob Group" is a collective reference by LegalForce RAPC to Sharp Filings, Siebay, and the websites those two defendants operate. (See FAC ¶ 1.)

[8]LegalForce RAPC alleges that the challenged statements by Sharp Filings and Siebay are "deceptive" (see FAC ¶ 2), that said defendants intended to "deceive" consumers (see FAC ¶ 16), and that consumers have been "deceived" by the statements (see FAC ¶¶ 38, 49); (see also FAC ¶¶ 2, 16 (alleging Sharp Filings and Siebay's statements constitute "skullduggery"). Under such circumstances, Rule 9(b) applies to the claims based on the challenged statements. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (holding where claim "sound[s] in fraud," even where fraud is not "necessary element" of subject cause of action, plaintiff must comply with Rule 9(b)); see also, e.g., Mahfood v. QVC, Inc., 2007 WL 9363986, at *3-4 (C.D. Cal. February 7,

9

motion, assumes that each of the two remaining defendants has stated, whether on a website or in an advertisement published elsewhere, that it has "qualified search agents who will search in-depth for any possible conflicting marks and present them in a concise and focused manner."  The Court next addresses defendants' arguments as to such statement.

First, to the extent LegalForce RACP bases its claim on the term "qualified search agents," which term it argues is a "false title" (see Pl.'s Opp. at 10:24-25), defendants argue the term is non-actionable puffery.  The Court agrees, as Sharp Filings and Siebay's description of its employees as "qualified" is a "general assertion" that lacks "the kind of detailed or specific factual assertions that are necessary to state a false advertising cause of action."  See Cook, Perkiss & Liehe, 911 F.2d at 246; see also, e.g., County of Marin v. Deloitte Consulting LLP, 836 F. Supp. 2d 1030, 1038-39 (N.D. Cal. 2011) (holding statement, made by consultant, that it was "uniquely qualified" was non-actionable puffery; characterizing statement as "highly subjective, generalized statement[ ] of superiority").

To the extent LegalForce RAPC bases its claim on the remaining language in the challenged statement, defendants argue LegalForce RAPC has failed to allege any facts to support a finding that the statement is not true.  Again, the Court agrees.  As defendants point out, LegalForce RAPC does not contend either Sharp Filings or Siebay does not employ "search agents" who "search in-depth for any possible conflicting marks and present them in a concise and focused manner."  Under such circumstances,to state a cognizable claim, LegalForce RAPC must, but has failed to, allege facts to support a finding that consumers in fact have been "misled, confused, or deceived" by the statement.  See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1140 (9th Cir. 1997) (setting forth standard plaintiff must meet to establish Lanham Act claim based on

---

2007) (finding allegation that defendant engaged in "deceptive advertisements" by "making, in one form or another, certain misleading and/or deceptive representations regarding [its products]" was "certainly grounded in fraud").

statement not "literally false"); Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-29 (3rd Cir. 1990) (holding, "where the advertisements are not literally false," plaintiff "cannot obtain relief by arguing how consumers could react; [the plaintiff] must show how consumers actually do react").

Accordingly, to the extent the Lanham Act claim is based on "Iacob Group offers 'qualified search agents' who 'will search in-depth for any possible conflicting marks and present them in a concise and focused manner,'" the claim is subject to dismissal.

### d. "These Trademarks Are Registered and Protected. Is Your Business Protected?"

LegalForce RAPC alleges that the following sentences, found on the website TrademarkCrew.com[9] and located above depictions of "logos of famous brand[s] such as Disney, Tissot, Nestle, Prudential, Swatch and Omega," comprise a statement that is false and misleading: "These trademarks are registered and protected. Is your business protected? Get started today and register a trademark online!" (See FAC ¶ 34.b.) According to LegalForce RAPC, the statement "implies that [Sharp Filings] has helped protect or has something to do with protecting these famous brands, when in fact it has no such relationship or affiliation." (See id.)

As defendants correctly observe, LegalForce RAPC does not allege the statement is false, i.e., that the logos depicted are not those of named brands or that a business cannot use the services provided by the TrademarkCrew.com website to register a trademark online. Consequently, LegalForce RAPC, to state a claim, must allege facts to support a finding that consumers in fact have believed that Sharp Filings was in some way responsible for protecting the logos depicted on the webpage. See Southland Sod Farms, 108 F.3d at 1140; Sandoz Pharmaceuticals Corp., 902 F.2d at 228-29. LegalForce RAPC has not done so.

//

---

[9]As noted, said website is operated by Sharp Filings.

11

Accordingly, to the extent the Lanham Act claim is based on "These trademarks are registered and protected. Is your business protected? Get started today and register a trademark online!," the claim is subject to dismissal.

### e. Use of Keywords

LegalForce RAPC alleges that Sharp Filings and Siebay "purchase advertisements" on "Google and Bing," such that "whenever consumers search terms related to the practice of trademark preparation, including 'trademark attorney' and 'trademark lawyer[,]'" those consumers are "steer[ed]" to a "landing page that misleads consumers into believing that legal service is provided" by Sharp Filings and Siebay. (See FAC ¶¶ 35-37).

Defendants argue that LegalForce RAPC has failed to allege any facts to support a finding that consumers have been or are likely to be confused by Sharp Filings' and Siebay's alleged purchases of keywords such as "trademark attorney" and "trademark lawyer." The Court agrees.

To be cognizable under the Lanham Act, a claim based on a theory that consumers who, after performing an internet search using terms such as "trademark attorney" or "trademark lawyer" in an effort to locate an attorney, ended up viewing a website operated by Sharp Filings or Siebay, would require a showing that Sharp Filings and Siebay's websites were "likely to mislead consumers" into believing Sharp Filings and Siebay were affiliated with an attorney. See TrafficSchool.com, Inc. v. Edriver, Inc., 653 F.3d 820, 827-29 (9th Cir. 2011) (affirming judgment finding defendant violated Lanham Act, where defendant's website, "DMV.org," was designed in manner "likely to mislead consumers into thinking [defendant] was affiliated with a government agency"). Here, however, LegalForce RAPC fails to allege sufficient facts to support a finding that such consumers would be likely to believe they were viewing a website operated by an attorney, particularly given LegalForce RAPC's acknowledgement that Sharp Filings and Siebay's websites both state "they are not a law firm," that their "services are not legal services," and that their services are "not a 'substitute for an attorney.'" (See FAC ¶ 37.)

Accordingly, to the extent the Lanham Act claim is based on the use of keywords, the claim is subject to dismissal.

**B. State Law Claims**

   **1. Claims Based on False Advertising**

LegalForce RAPC's Second Claim for Relief, titled "California Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.," is based in part on the same conduct as that on which it bases its Lanham Act claim. (See FAC ¶¶ 69, 73.b, 73d-f, 73j-k, 74.e-f.) To the extent so based, LegalForce RAPC's § 17200 claim is subject to dismissal for the reasons stated above with respect to its Lanham Act claim. See Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994) (holding, where Lanham Act claim properly dismissed, § 17200 claim based on same factual allegations likewise subject to dismissal).

LegalForce RAPC's Third Claim for Relief, titled "California False & Misleading Advertising in Violation of Cal. Bus. Code § 17500 et seq.," is based in its entirety on the same conduct as that on which it bases its Lanham Act claim (see FAC ¶¶ 80-83), and, consequently, is subject to dismissal for the reasons stated above with respect to the Lanham Act claim. See Appliance Recycling Centers of America, Inc. v. JACO Environmental, Inc., 378 Fed. Appx. 652, 656 (9th Cir. 2010) (holding, where judgment properly granted in favor of defendant on Lanham Act false advertising claim, judgment in favor of defendant on § 17500 claim likewise proper).

   **2. Claims Not Based on False Advertising**

In the Second Claim for Relief, LegalForce RAPC includes claims alleging defendants have violated § 17200 by "engaging in the unlawful practice of law" (see FAC ¶¶ 72, 73.h; see also FAC ¶¶ 72.c, 73.c, 74.b), by "surrender[ing] attorney-client privilege and work product confidentiality" of their clients (see FAC ¶¶ 73.g), by "produc[ing] digitally-altered fraudulent specimens" (see FAC ¶ 72.a-b), and by submitting the

//

//

13

1 "fraudulent specimens of use" to the USPTO (see FAC ¶¶ 73.i, 74.b).[10]

To the extent the Second Claim for Relief is based on such alleged conduct, the Court, given the dismissal of LegalForce RAPC's federal claims and the early stage of the proceedings, declines to exercise supplemental jurisdiction.[11] See 28 U.S.C. § 1367(c)(3) (providing, where district court has dismissed claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining claims).

Accordingly, such claims, as included in the Second Claim for Relief, will be dismissed pursuant to § 1367(c)(3), without prejudice to refiling in state court, or, if LegalForce RAPC elects to amend its federal claims, without prejudice to refiling in this action.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED and the First Amended Complaint is DISMISSED in its entirety. LegalForce RAPC is hereby afforded leave to amend for purposes of curing the deficiencies identified above.[12] Any such Second Amended Complaint shall be filed no later than August 20, 2018, and LegalForce RAPC may not add therein any new plaintiffs, any new defendants, or any new claims, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: August 1, 2018

MAXINE M. CHESNEY
United States District Judge

---

[10] The Court understands the word "specimen" to refer to the "mark as used on or in connection with the goods or services" that is submitted for registration to the USPTO. See 37 C.F.R. § 2.56(a).

[11] LegalForce RAPC alleges the Court's jurisdiction over LegalForce RAPC's state law claims is supplemental in nature. (See FAC ¶ 25.)

[12] If LegalForce RAPC files a Second Amended Complaint, it also may amend the portions of the Second Claim for Relief that have been dismissed pursuant to § 1367(c).

14